UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL ANDREW LEITNER-WISE
1103 Bladensburg Road
Washington DC 20002

          Plaintiff

v.

ROBERT BERNARD IREDALE CLARK
Penwood House
St. Breward, Bodmin
Cornwall UK PL30 4NL

and

EUGENE L. FLANAGAN, III
19 Juniper Place
Wilton CT 06897

and

SOUTHERN GUN COMPANY, LTD.
Penwood House
St. Breward, Bodmin
Cornwall UK PL30 4NL

          Defendants

Civil Action Number

1:18-cv-771

# COMPLAINT

This is a complaint for patent infringement, conversion, misappropriation of intellectual property, correction of inventorship, conspiracy, legal malpractice, breach of fiduciary duty, tortious interference with business expectancy, and unjust enrichment by

inventor Paul Andrew Leitner-Wise against Robert Clark, Eugene Flanagan, and Southern Gun Company Ltd.

**NATURE OF THIS ACTION**

1. This is a civil action pursuant to 35 U.S.C. § 256 and other applicable law to correct inventorship of United States Patents.

2. This action is necessary because United States Patent 7,735,410 fails to name as inventor Plaintiff Paul Andrew Leitner-Wise and the Defendants now fraudulently endeavor to remove Plaintiff Leitner-Wise from United States Patent 8,997,622.

3. Plaintiff Leitner-Wise was actually responsible for conceiving and developing the inventions disclosed and claimed in these patents.

4. Because the inventive subject matter disclosed and claimed in these patents was conceived and reduced to practice by Plaintiff Leitner-Wise, he should be named as the inventor.

5. Plaintiff Leitner-Wise is the true owner of these patents and therefore has a strong interest in correcting the inventorship. Accordingly, Leitner-Wise seeks a judgment of this Court correcting the inventorship of the patents.

6. Further, through this Complaint, Plaintiff Leitner-Wise seeks to enjoin Defendant Robert Clark and those in active concert with him from including any of Leitner-Wise's proprietary and confidential information in any other patent applications and to declare a constructive trust in favor of Leitner-Wise over these patents and all

other patent applications filed by Clark that contain Leitner-Wise's proprietary and confidential information. Further, Leitner-Wise seeks redress for Clark's misappropriation of Leitner-Wise's intellectual property and Clark's slander of title to Leitner-Wise's rights to these patent and other related patent applications.

## PARTIES AND SUBJECT MATTER

7. Plaintiff Leitner-Wise is a natural person, and a subject of the United Kingdom. Leitner-Wise is not a permanent resident alien under the Immigration and Nationality Act.

8. Defendant Robert Clark is a natural person, and a subject of the United Kingdom. Clark is not a permanent resident alien under the Immigration and Nationality Act.

9. Defendant Eugene Flanagan is a natural person and resident of Connecticut.

10. Defendant Southern Gun Company Ltd. is a limited company incorporated under the laws of the United Kingdom with a principal place of business in Cornwall, United Kingdom.

11. The events described herein largely occurred in Cornwall, United Kingdom, Westminster, Maryland, and Alexandria, Virginia.

## JURISDICTION AND VENUE

12. The Plaintiff herein offers a civil action for monetary damages arising under 35 U.S.C. § 271, *et seq.* for patent infringement.

13. The Plaintiff further requests injunctive relief also under 35 U.S.C. § 271, *et seq.* for patent infringement.

14. The Plaintiff further requests a correction of inventorship, or the correction of a fraudulent deletion of inventorship, under 35 U.S.C. § 116 (c) and § 256 (b).

15. Under 28 U.S.C. § 1331, the United States District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, including 35 U.S.C. § 116, § 256 and § 271, *et seq*.

16. The Plaintiff is a subject of the United Kingdom and a resident of the District of Columbia.

17. The Defendants are citizens of Connecticut and the United Kingdom under 28 U.S.C. § 1332 (c)(1).

18. The amount in controversy herein exceeds $75,000, exclusive of interest and costs.

19. This Court has further jurisdiction under 28 U.S.C. § 1332 (a)(4) where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state not permanent resident aliens.

20. The Plaintiff asks this Court to declare his rights and other legal relations.

21. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*, the United States District Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

22. The Plaintiff offers an additional causes of action of common law unjust enrichment, legal malpractice, tortious interference with business expectancy, and misappropriation of intellectual property.

23. Under 28 U.S.C. § 1367, the United States District Court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

24. The Plaintiff's common law claims are so related to the Federal law claims that they form part of the same case or controversy.

25. The Plaintiff asserts that these common law claims is necessarily a "federal" common law claim required to fill minor gaps in existing federal law.

26. "The inevitable incompleteness presented by all legislation means that interstitial federal lawmaking is a basic responsibility of the federal courts." *United States v. Little Lake Misere Land Co., Inc.*, 412 U.S. 580, 593 (1973). The United States District Court therefore has 28 U.S.C. § 1331 federal question jurisdiction for such federal common law questions herein.

## RELEVANT FACTS

27. Plaintiff Paul Leitner-Wise is a prolific inventor in the field of small arms design.

28. Plaintiff Leitner-Wise, is listed as an inventor on several issued United States Patents including: 8,997,622, gas operating systems, subsystems, components and processes; 8,850,730, processes and systems for monitoring environments of projectile weapons; 8,443,711, gas operating systems, subsystems, components and processes); 8,353,121, processes and systems for monitoring usage of projectile weapons; 8,117,778, processes and systems for monitoring environments of projectile weapons; 7,461,581, a self-cleaning gas operating system for a firearm; and 7,313,883, a modular receiver system.

29. Plaintiff Leitner-Wise has resided and worked exclusively in the United States since 2000.

30. Defendant Clark owns Defendant company Southern Gun Company, Ltd.

31. In 2004, Plaintiff Leitner-Wise invented a "Self-Cleaning Gas Operating System for a Firearm", United States Patent No. 7,461,581, a self-regulating short-stroke piston operating system for AR-15 type self-loading rifles. (The "581 patent".)

32. Also in  Plaintiff Leitner-Wise invented a firearm bolt assembly with a fully-supported bolt face.

33. As Plaintiff Leitner-Wise made these inventions in the United States, any such sale of firearm containing the technology would be subject to the Arms Export Control Act of 1976.  Pub.L. 94–329.

34. Any transfer of such defense technology from the United States to a foreign government would require approval of the United States government under 22 U.S.C. § 2778 (b) and other applicable law.

35. Following the issuance of the 581 patent, Plaintiff Leitner-Wise began making revisions to the design of the gas block and operation rod used in the patent.

36. In 2005, Defendant Clark was contracted to manufacture parts for prototype bolts.

37. In the course of manufacturing the parts, confidential technical disclosures were made to Clark by Plaintiff Leitner-Wise, solely for the purpose of facilitating such manufacturing.

38. In 2006, an application for a patent of the bolt assembly with a fully-supported bolt face was submitted to the United States Patent and Trademark Office. Application number 11/583,784.

39. This application was abandoned and did not result in the issuance of a patent.

40. In 2009, Plaintiff Leitner-Wise sought out a new patent attorney to begin drafting applications for patents.

41. Plaintiff Leitner-Wise was introduced to Defendant Eugene Flanagan and retained his then law firm Cohen, Liebowitz, Latman P.C. as patent attorneys for the purpose of making the new applications.

42. Defendant Flanagan prepared the application for what would later become United States Patent 8,443,711. (The "711 Patent").

43.     The application for what would become United States Patent 8,443,711 properly named Plaintiff Leitner-Wise as the inventor.

44.     Such application further included Defendant Clark as a co-inventor.

45.     Such patent application was filed by Defendant Flanagan on January 26, 2010, shortly after Flanagan left Cohen, Liebowitz, Latman, P.C..

46.     Following the application for the 711 Patent, Defendant Clark directed Defendant Flanagan, now a sole practitioner, to prepare a new divisional application based off of Plaintiff Leitner-Wise's failed Application 11/583,784.

47.     Although Application 11/583,784 was marked "Abandoned", the divisional application was filed prior to the abandonment, thereby establishing proper continuity with Application 11/583,784.

48.     This divisional application would become United States Patent 7,735,410. (The "410 Patent".)

49.     The disclosure in a divisional application must not include any subject matter which would include new matter.  Thus, every claim in the 410 Patent is derived from and fully supported by Plaintiff Leitner-Wise's Application 11/583,784.

50.     Defendant Clark and Defendant Flanagan conspired to remove Plaintiff Leitner-Wise from the 410 Patent so that Defendant Clark could circumvent the requirement of United States government approval of the sale of the rifles to foreign governments.

51. Defendant Clark and Defendant Flanagan conspired to remove Plaintiff Leitner-Wise from the 410 Patent so as to deprive him of the benefits of inventorship thereof.

52. In furtherance of this conspiracy, Defendant Flanagan filed the application for the 410 Patent on February 23, 2009.

53. Neither Defendant Flanagan nor Defendant Clark informed Plaintiff Leitner-Wise of the existence of the 410 Patent application.

54. On information and belief, Defendant Clark has entered into contractual agreements to license the 410 Patent technology to other companies.

55. As a result, Defendant Clark has substantially benefited monetarily from the 410 Patent while improperly excluding Plaintiff Leitner-Wise from such benefit.

56. In 2009, Plaintiff Leitner-Wise identified a unique attribute addressed, but not claimed, in the original application for the 711 Patent.

57. Defendant Flanagan drafted and submitted a divisional application for what would become United States Patent 8,997,622. (The "622 Patent").

58. Plaintiff Leitner-Wise was properly identified by Defendant Flanagan as an inventor in the 622 Patent application.

59. Defendant Clark was also identified in the 622 Patent application as a co-inventor.

60. Such patent application was filed on May 4, 2013.

61. Neither Defendant Clark nor Defendant Flanagan informed Plaintiff Leitner-Wise of the existence of the application.

62. Neither Defendant Clark nor Defendant Flanagan obtained Plaintiff Leitner-Wise's consent to file the application.

63. Defendant Clark and Defendant Flanagan conspired to remove Plaintiff Leitner-Wise from the 622 Patent so that Defendant Clark could circumvent the requirement of United States government approval of the sale of the rifles to foreign governments.

64. Defendant Clark and Defendant Flanagan conspired to remove Plaintiff Leitner-Wise from the 622 Patent so as to deprive him of the benefits of inventorship thereof.

65. In furtherance of this conspiracy, on or about February 19, 2015, Defendant Flanagan made an application to the United States Patent and Trademark Office to "correct" the 622 Patent application and remove Plaintiff Leitner-Wise as a named inventor.

66. Such application and statements to the United States Patent and Trademark Office by Flanagan were false. Plaintiff Leitner-Wise was correctly identified as the inventor in the 622 Patent application as it was a derivative of the 711 Patent.

67. Neither Defendant Clark nor Defendant Flanagan informed Plaintiff Leitner-Wise of the application to remove him as an inventor.

68. Neither Defendant Clark nor Defendant Flanagan obtained the consent of Plaintiff Leitner-Wise to make the application to remove him as an inventor.

69. Defendant company Southern Gun Company, Ltd. uses the unique technology of the 410 Patent without the permission of Plaintiff Leitner-Wise.

70. Defendant company Southern Gun Company, Ltd. uses the unique technology of the 410 Patent without compensation to Plaintiff Leitner-Wise.

71. Defendant company Southern Gun Company, Ltd. uses the unique technology of the 622 Patent without the permission of Plaintiff Leitner-Wise.

72. Defendant company Southern Gun Company, Ltd. uses the unique technology of the 622 Patent without compensation to Plaintiff Leitner-Wise.

73. Defendant Clark and Defendant Southern Gun Company, Ltd. have subsequently conveyed the technology described in the 622 and 410 Patents to foreign government entities without permission of the United States Government.

**COUNT I**
**Addition of Inventor to 410 Patent pursuant to 35 U.S.C. § 256**

74. Paragraphs 1-73 are incorporated by reference as if fully set forth herein.

75. Plaintiff Leitner-Wise contributed to the conception and reduced to practice the subject matter claimed in the 410 Patent.

76. Leitner-Wise contributed to each and every claim in the invention and is accordingly a joint inventor of the invention disclosed and claimed in the 410 Patent.

77. Defendant Flanagan, the patent attorney making the application did not ask Leitner-Wise which claims he contributed to in the application for the 410 Patent.

78. Since Leitner-Wise actually contributed to the conception of the invention and contributed to more than the minimum of at least one claim of 410 Patent, Defendant Flanagan erred in not including Leitner-Wise as a joint inventor of the 410 Patent.

11

79. Pursuant to 35 U.S.C. § 256, Leitner-Wise should be added as an inventor on the 410 Patent.

80. The failure to name Leitner-Wise as an inventor on the 410 Patent occurred without any deceptive intent on the part of Leitner-Wise.

## COUNT II
### Correction of Inventor to 622 Patent, pursuant to 35 U.S.C. § 256

81. Paragraphs 1-80 are incorporated by reference as if fully set forth herein.

82. Paul Leitner-Wise was the sole source of the conception and reduced to practice the subject matter claimed in the 622 Patent.

83. Leitner-Wise contributed each and every claim in the invention and is accordingly the inventor of the invention disclosed and claimed in the 622 Patent.

84. Defendant Flanagan has endeavored to remove Leitner-Wise from the 622 Patent when Flanagan knew that Leitner-Wise contributed the conception and reduced to practice the subject matter in the 622 Patent.

85. Since Leitner-Wise actually contributed the conception of the invention and contributed the claims of the 622 Patent, the patent attorney erred in attempting to remove Leitner-Wise as an inventor of the 622 Patent.

86. Pursuant to 35 U.S.C. § 256, Leitner-Wise should be restored and/or maintained as the inventor on the 622 Patent.

87. Pursuant to 35 U.S.C. § 256, Defendant Clark should be removed as an inventor on the 622 Patent.

88. The attempted removal of Leitner-Wise as an inventor on the 622 Patent occurred without any deceptive intent on the part of Leitner-Wise.

## COUNT III
## Patent infringement

89. Paragraphs 1-88 are incorporated by reference as if fully set forth herein.

90. Plaintiff Leitner-Wise is the rightful owner of the 622 and 410 Patents.

91. As the actual inventor and patentee of these inventions, Plaintiff Leitner-Wise has the right to sue for infringement and collect damages for such infringement under 35 U.S.C. § 281.

92. Plaintiff Leitner-Wise maintains a sufficient financial and property interest in the patent such as to place him properly within the zone of injury or interest as to confer prudential standing upon him to now sue for infringement and collect damages for such infringement.

93. Defendant Clark, Defendant Flanagan, and Defendant Southern Gun Company, Ltd. have been and are infringing, contributing to the infringement of, and/or inducing the infringement of the 622 and 410 Patents by, among other things, making, using, selling, and/or offering for sale self-loading rifles with the technology referenced in and protected by these Patents without the consent, license or authorization of Plaintiff Leitner-Wise, and will continue to do so unless enjoined by this Court.

94. Such acts have been and are willful.

95. Plaintiff Leitner-Wise has suffered and will continue to suffer irreparable injury and financial damage for which Plaintiff Leitner-Wise is entitled to damages for

infringement, which damages shall be trebled, and for which Plaintiff Leitner-Wise is entitled to a preliminary and permanent injunction against further infringement.

96. By this Complaint, Plaintiff Leitner-Wise does hereby comply with the notice requirements of 35 U.S.C. § 287 with respect to the 622 and 410 Patents.

## COUNT IV
## Unjust Enrichment

97. Paragraphs 1-96 are incorporated by reference as if fully set forth herein.

98. The Defendants' use of these patents has greatly benefited the Defendants.

99. The Defendants have known of the benefit they received by their use of the patents.

100. The Defendants' use of these patents under the present circumstances is such that it would be inequitable to allow them to retain the benefit without the paying of royalties in return.

101. The Defendants are obliged by the ties of natural justice and equity to pay Leitner-Wise royalties on these patents.

102. Such circumstances give rise to the policy of restitution as a remedy. Such damages are ongoing and will increase over time.

## COUNT V
## Civil Conspiracy

103. Paragraphs 1-102 are incorporated by reference as if fully set forth herein.

104. Defendant Clark and Defendant Flanagan combined, associated and agreed for Flanagan to exclude Plaintiff Leitner-Wise from the 622 Patent.

105. Defendant Flanagan filed an application to remove Plaintiff Leitner-Wise from the 622 Patent in furtherance of this conspiracy.

106. Such application was known to the Defendants to be unlawful, as Plaintiff Leitner-Wise is the rightful sole inventor of the 622 Patent.

107. Plaintiff Leitner-Wise has been injured as a result of the acts committed in furtherance of the conspiracy.

## COUNT VI
### Misappropriation of Intellectual Property

108. Paragraphs 1-107 are incorporated by reference as if fully set forth herein.

109. Defendant Clark and Defendant Flanagan took the intellectual property of Plaintiff Leitner-Wise without authorization or authority.

110. Defendant Clark and Defendant Flanagan instituted proceedings before the United States Patent and Trademark Office to assign the rights to such intellectual property to Clark.

111. In instituting such proceedings, Clark and Flanagan made false and fraudulent claims that such intellectual property indeed belonged to Clark.

112. Knowing such intellectual property to belong to Plaintiff Leitner-Wise, Defendant Clark received and now possesses such property without authorization.

113. Defendant Clark did so in part to benefit a foreign government, instrumentality or agent.

114.    Plaintiff Leitner-Wise has been directly and proximately injured as a result.

## COUNT VII
## Conversion

115.    Paragraphs 1-114 are incorporated by reference as if fully set forth herein.

116.    Plaintiff Leitner-Wise had ownership and a right of possession of the intellectual property described in the 622 and 410 Patents.

117.    In instituting proceedings before the Patent and Trademark Office to remove or exclude Plaintiff Leitner-Wise from these Patents, Defendant Clark and Defendant Flanagan acted wrongfully and inconsistent with the Plaintiff's property rights.

118.    Plaintiff Leitner-Wise has been proximately and directly injured as a result.

## COUNT VIII
## Breach of Fiduciary Duty

119.    Paragraphs 1-118 are incorporated by reference as if fully set forth herein.

120.    Plaintiff Leitner-Wise reasonably entrusted the patent application process to Defendant Clark and Defendant Flanagan.

121.    By entrusting the patent application process to these Defendants, a fiduciary relationship existed between these Defendants and Plaintiff Leitner-Wise.

122. By intentionally manipulating the patent application process to convey all rights in the 622 and 410 Patents to Defendant Clark, Defendant Clark and Defendant Flanagan breached their fiduciary duties to Plaintiff Leitner-Wise.

123. Plaintiff Leitner-Wise has been proximately and directly injured as a result.

## COUNT IX
## Tortious Interference with Business Expectancy

124. Paragraphs 1-123 are incorporated by reference as if fully set forth herein.

125. By inventing valuable and useful technology, Plaintiff Leitner-Wise had a reasonable expectation of prospective business relationships arising from the sale of such technology.

126. Defendant Clark and Defendant Flanagan had knowledge of these expectations by Plaintiff Leitner-Wise.

127. By making false allegations to the Patent and Trademark Office, Defendant Clark and Defendant Flanagan intentionally interfered with this expectancy.

128. Such false allegations to the Patent and Trademark Office were illegal. See, *e.g.*, 37 C.F.R. § 11.18.

## COUNT X
## Legal Malpractice

129. Paragraphs 1-128 are incorporated by reference as if fully set forth herein.

130.    Plaintiff Leitner-Wise employed Defendant Flanagan as an attorney for the purpose of securing Leitner-Wise's intellectual property rights.

131.    By employing Flanagan for this purpose, an attorney-client relationship existed between Leitner-Wise and Flanagan creating a duty of loyalty incumbent in such relationship.

132.    By intentionally manipulating the patent application process to convey all rights in the 622 and 410 Patents to Defendant Clark and not the rightful owner, his client, Defendant Flanagan breached his duty of loyalty to Plaintiff Leitner-Wise.

WHEREFORE, the Plaintiff seeks a declaration by this honorable Court finding the Defendants' conduct to be unlawful, an award of monetary damages according to proof at trial under applicable law in excess of $75,000, that such damages be trebled, costs and attorney's fees, and an injunction barring further infringement.  If there should be an insufficient remedy at law, the Plaintiff seeks equitable relief.

The Plaintiff demands a jury trial on all issues so triable.

_____
Matthew August LeFande
Attorney at Law PLLC
4585 North 25th Road
Arlington VA 22207
Tel: (202) 657-5800
email: matt@lefande.com
DC Bar #475995
Attorney for Plaintiff